# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 1:08-CR-0291 |
|---|---|---|
| v. | : | (Judge Conner) |
| JOSEPH LYMOND | : | |

## MEMORANDUM

Presently before the court for judgment is the indictment (Doc. 14) against defendant Joseph Lymond ("defendant"). Count 1 of the indictment charges defendant with assault a federal employee in violation of 18 U.S.C. § 111(a)(1) and (2). Count 2 contains a charge for threatening a federal employee with intent to impede the employee's official duties in violation of 18 U.S.C. § 115(a)(1) and (b)(4). A non-jury trial was held on June 26, 2009, during which the parties stipulated to the facts constituting the offense conduct. Pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, the court's findings of fact and conclusions of law are set forth below.

## I.   Findings of Fact

1.  Defendant has a diagnosed history of schizoaffective disorder. As a result of this condition, he has experienced many episodes in which he believes himself to be fighting vampires, demons, and other spectral creatures. (Doc. 39, attach. at 5-8.)

2.  On July 12, 2008, defendant approached a mail carrier employed by the United States Postal Service near defendant's residence at 105 East New

Cumberland Street in Lebanon, Pennsylvania, and demanded an article of mail, which defendant described as "his check."

3. The mail carrier responded that he did not have the check. Defendant, believing that the carrier had stolen the check, threatened to summon law enforcement officers if the carrier did not deliver it to defendant's residence.

4. The carrier again explained that he did not have the check.

5. Defendant then placed a telephone call requesting police assistance for a postal theft. He stated that he planned to "beat up" the carrier in the absence of a police response.

6. Soon thereafter, defendant approached the mail carrier while the latter was sitting in his Postal Service vehicle. Defendant reached through the vehicle's open window and grabbed the mail carrier by the throat.

7. Two off-duty police officers were in the area and restrained defendant while the mail carrier extricated himself from defendant's grip.

8. Defendant was arrested. Following an initial appearance in federal court, he was committed to the Federal Bureau of Prisons ("BOP") for a criminal responsibility evaluation.

9. BOP medical examiners conducted the evaluation during August and September 2008. Defendant informed examiners that he accosted the mail carrier because he believed the government had restricted his access to food stamp funds. At the time of the attack, he believed that the carrier was "a

2

messenger of evil" sent to steal his check.  (Id. at 12.)  He stated that he "was under a delusion from the devil at the time."  (Id.)

10. Medical examiners confirmed defendant's diagnosis of schizoaffective disorder.  (Id. at 10.)  On September 21, 2008, medical staff opined as follows with regard to defendant's psychological condition at the time of the charged offenses:

> 1. Regarding the issue of Mental Disability or Defect, . . . Mr. Lymond currently presents with a Mental Disease under the law, specifically Schizoaffective Disorder. . . .
>
> 2. Regarding the issue of Criminal Responsibility, . . . at the time of the alleged offense, Mr. Lymond's Mental Disease did impair his ability to appreciate the wrongfulness of his conduct.

(Id. at 13-14.)

## II. Discussion

The indictment charges defendant with assaulting a federal employee engaged in the performance of official duties and with threatening a federal employee with intent to impede the individual's official duties.  Defendant raises the defense of insanity to both of these charges.  The court will address these issues *seriatim*.

### A. Count 1: Assault of a Federal Employee Engaged in the Performance of Official Duties

To convict defendant for assault of a federal employee engaged in the performance of official duties under 18 U.S.C. § 111(a), the government must prove that (1) defendant assaulted (2) a federal employee (3) while the employee was

3

engaged in or on account of the employee's official duties.  See 18 U.S.C. §§ 111(a), 1114.  The statute encompasses three distinct forms of assault.  See United States v. McCulligan, 256 F.3d 97, 103 (3d Cir. 2001) (quoting United States v. Chestaro, 197 F.3d 600, 606 (2d Cir. 1999)).  First, it proscribes assaults that either involve a deadly weapon or produce bodily injury.  Id.  The maximum penalty for these assaults is twenty years' imprisonment.  18 U.S.C. § 111(b).  Second, it criminalizes assaults that involve physical contact between the perpetrator and the victim but do not result in bodily injury or involve a weapon.  McCulligan, 256 F.3d at 103.  Such assaults implicate an eight-year term of imprisonment.  18 U.S.C. § 111(a).  Finally, simple assault requires that the defendant attempt to effectuate physical contact with the victim's body but fail to do so.  McCulligan, 256 F.3d at 103.  Simple assault entails a statutory maximum sentence of one year.  18 U.S.C. § 111(a).  The government must also prove that the defendant intended to assault the victim, but the perpetrator need not be aware that the victim was a federal officer or employee.  United States v. Feola, 420 U.S. 671, 684 (1975).

In the present case, the government has proven all elements of assault of a federal employee beyond a reasonable doubt.  Defendant choked a federally employed mail carrier as the carrier sat in his vehicle.  Defendant's statement to the police dispatcher that he intended to "beat up" the carrier establishes that he acted with the intent to commit these actions.  Accordingly, the government has proven that defendant assaulted the mail carrier through physical contact with the carrier's person, as charged in Count 1 of the indictment.

4

**B.     Count 2:  Threatening a Federal Employee for the Purpose of Impeding Official Duties**

To sustain a conviction for threatening a federal employee, the government must prove that (1) the defendant threatened to assault (2) an employee or official of the federal government (3) with the intent to interfere with the individual's performance of official duties.  See United States v. D'Amario, No. Crim. No. 06-112, 2007 WL 928473, at *3 (D.N.J. Mar. 26, 2007); United States v. Fenton, 30 F. Supp. 2d 520, 523-24 (W.D. Pa. 1998).  The government must prove that the defendant knew of the victim's federal employment and acted with the intent to hinder the victim's performance of official duties.  See United States v. Veach, 455 F.3d 628, 633-34 (6th Cir. 2006) (observing that a threat under § 115(a)(1) constitutes a specific intent crime).

In the present case, the government has proven that defendant threatened to summon police unless the mail carrier delivered defendant's check.  The carrier did not have the check, and defendant telephoned police to report an alleged theft that the carrier did not commit.  This conversation demonstrates that defendant knew of the carrier's status as a federal employee and that he acted with the intent to interfere with the carrier's mail delivery duties.  Hence, the government has proven the elements of the crime alleged in Count 2 beyond a reasonable doubt.

**C.     Insanity Defense**

A defendant who has committed a crime may nevertheless preclude liability by showing that he was insane at the time of the offense conduct.  The defendant

must prove by clear and convincing evidence that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a). Although the United States Court of Appeals for the Third Circuit has not defined the quantum of evidence necessary to satisfy the clear and convincing standard in the insanity context, the court has intimated that the evidence must "enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. . . . It is not necessary that the evidence be uncontradicted . . . provided it carries conviction of the mind or carries a clear conviction of its truth."[1] United States v. Askari, 222 F. App'x 115, 119 (3d Cir. 2007) (alteration and omissions in original) (quoting In re Adoption of J.J., 515 A.2d 883, 886 (Pa. 1986)).

In the present matter, defendant has suffered from schizoaffective disorder for the majority of his life. Defendant did not attempt to flee the scene of the offense, did not profit from his actions, and attributed the mail carrier's conduct to supernatural forces. (Doc. 39, attach. at 13.) Examiners therefore concluded that

---

[1] Askari, a non-precedential decision, arose in the context of a motion to vacate filed under 28 U.S.C. § 2255. Defendant claimed that his trial counsel was ineffective for failing to raise an insanity defense. 222 F. App'x at 115-16. After reviewing formulations of the clear and convincing standard articulated by the Supreme Courts of Pennsylvania and New Jersey, the Third Circuit concluded that defendant's claim of ineffective assistance failed to afford him relief under any definition of the clear and convincing standard. Id. at 119. Hence, it was unnecessary for the court to adopt a single formulation of defendant's evidentiary burden.

his irrational conduct resulted from his mental disease and that his condition rendered him incapable of appreciating the wrongfulness of his actions at the time he committed the offense. Defendant confirmed the examiners' findings at trial, when he acknowledged that he assaulted the carrier but explained that "in my mind I thought he was trying to steal my check." Accordingly, the court finds that defendant has established by clear and convincing evidence that, at the time of the offense, he was suffering from a mental disease that prevented him from comprehending the wrongful nature of his conduct.

### III. <u>Conclusions of Law</u>

1. The government has proven beyond a reasonable doubt the elements of the crime of assault of a federal employee while the employee was engaged in the performance of official duties in violation of 18 U.S.C. § 111(a)(1) and (2). The government has proven that defendant assaulted the mail carrier through physical contact with the carrier's person but that defendant did not use a deadly weapon or inflict of bodily injury during the assault.

2. The government has proven beyond a reasonable doubt the elements of the crime of threatening a federal employee for the purpose of impeding the employee's official duties in violation of 18 U.S.C. § 115(a)(1) and (b)(4).

3. Defendant has proven by clear and convincing evidence that, at the time of the offenses described in the preceding paragraphs, he was suffering from a mental disease or defect that prevented him from appreciating the wrongfulness of his actions.

7

4. A judgment of not guilty only by reason of insanity must be entered in favor of defendant on Counts 1 and 2 of the indictment.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 29, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:08-CR-0291** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **JOSEPH LYMOND** | : | |

## **ORDER**

AND NOW, this 29th day of June, 2009, upon consideration of the indictment (Doc. 14), and following a bench trial held on June 26, 2009, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The Clerk of Court is directed to enter a JUDGMENT of not guilty only by reason of insanity in favor of defendant.

2. The Clerk of Court is instructed to CLOSE this case.

3. The court RETAINS jurisdiction over defendant for the purpose of conducting further proceedings associated with his commitment or release in accordance with Chapter 313 of Title 18 of the United States Code.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge